**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**BILLY R. McCULLERS, JR.,**

        **Petitioner,**

**v.**

**JOE COAKLEY**

        **Respondent.**

**Civil No.: 5:18CV45
JUDGE BAILEY**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On March 22, 2018, the pro se Petitioner, Billy R. McCullers, Jr. ("McCullers") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. McCullers has satisfied the $5 filing fee. ECF No. 8. McCullers is a federal inmate who is housed at USP Hazelton and is challenging the validity of his sentence from the United States District Court for the Eastern District of Virginia. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

    **A.  Conviction and Sentence**

---

[1] Unless otherwise noted, the information in this section is taken from McCullers' criminal docket available on PACER and all ECF numbers are from that case. See United States v. McCullers, No. 4:07-cr-49-JEB ). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

On April 19, 2007, a federal grand jury in the Eastern District of Virginia indicted McCullers on 12 counts. A thirteen-count Superseding Indictment was returned on August 23, 2007, and a fifteen-count Second Superseding Indictment was returned on November 19, 2007. On July 21, 2008, a jury trial began, which resulted in a mistrial when the jury was unable to reach a verdict. At trial, the court granted a motion to dismiss Count 4 of the Second Superseding Indictment because it erroneously charged a violation in 2004, rather than 2003.

A fifteen-count Third Superseding Indictment was returned on August 21, 2008. The Third Superseding Indictment, which added two counts of witness tampering, charged McCullers with:

| | |
|---|---|
| Count 1 | Conspiracy to possess with intent to distribute and distribute 50 grams or more of crack cocaine and 500 grams of cocaine, in violation of 21 U.S.C. 846. |
| Count 2 | Distributing 5 grams or more of crack cocaine on January 29, 2003, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2. |
| Count 3 | Possessing with intent to distribute 50 grams or more of crack on September 2003, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. |
| Count 4 | Possessing a firearm in the fall of 2003 in furtherance of the drug trafficking crime charged in count 1, in violation of 18 U.S.C. § 924(c). |
| Count 5 | Distributing 5 grams or more of crack cocaine in the middle of January 2004, in violation of 21 U.S.C. §§ 841 (a)(1) and |

|         |                                                                                      |
|---------|--------------------------------------------------------------------------------------|
|         | (b)(1)(B)(iii) and 18 U.S.C. § 2.                                                    |
| Count 6 | Distributing 14 grams of cocaine in the late fall of 2004, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C) and 18 U.S.C. § 2. |
| Count 7 | Possessing a firearm in the fall of 2004 in furtherance of the drug trafficking crime as charged in count 6 and Count 1, in violation of 18 U.S.C. § 924(c). |
| Count 8 | Possessing with intent to distribute 500 grams or more of cocaine in the Spring to Summer of 2005, in violation of 21 U.S.C. §§ 841(a)(1) and (B)(1)(B)(ii) and 18 U.S.C. § 2. |
| Count 9 | Distributing 14 grams of cocaine on November 18, 2005, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. |
| Count 10 | Possessing a firearm on November 18, 2005 in furtherance of the drug trafficking crime charged in count 9 and Count 1, in violation of 18 U.S.C. § 924(c). |
| Count 11 | Distributing 84 grams of cocaine on March 15, 2006, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. |
| Count 12 | Manufacturing 50 grams or more of crack on March 15, 2006, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2. |
| Count 13 | Possessing with intent to distribute 50 grams or more crack on March 15, 2006, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2. |
| Count 14 | Attempting on May 3, 2007 to threaten and intimidate Antonio Cooper with intent to induce him to withhold testimony from an |

|  |  |
|---|---|
|  | official proceeding, specifically, United States v. Billy R. McCullers, Jr., no. 4:07-CR-49, in violation of 18 U.S.C. § 1512(b)(2)(A). |
| Count 15 | Intimidating, attempting to intimidate or threaten, and engaging in misleading conduct toward Antonio Cooper on November 15, 2007, with intent to induce Cooper to withhold testimony and the absent from an official proceeding, specifically, United States v. Billy R. McCullers, Jr., no. 4:07-CR-49, in violation of 18 U.S.C. §§ 1512 (b)(2)(A) and (D). |

McCullers proceeded to a second trial before a jury, which began on January 21, 2009, and lasted eight days. McCullers was found guilty by the jury as to all counts of the Third Superseding Indictment.

McCullers was sentenced on April 29, 2009.[2] The court sentenced McCullers to 1020 months of imprisonment, consisting of 360 months on Count 1, 240 months on Count 2, 360 months on Count 3, 240 months on Count 5, 240 months on Count 6, 360 months on Count 8, 240 months on Count 9, 240 months on Count 11, 360 months on Count 12, 360 months on Count 13, a term of 120 months on Count 14, and a term of 120 months on Count 15, all to be served concurrently; plus a term of 60 months on Count 4, 300 months on Count 7, and 300 months on 10, all to be served consecutively.

---

[2] McCullers' PSR assigned a base offense level of 36 for 6.8345 kilograms of cocaine and 2.40365 kilograms of crack. His role in the offense resulted in a 3-point enhancement, and his obstruction of justice added 2 points, giving McCullers a final offense level of 41 for counts 1-3, 5, 6, 8, 9, and 11-13. McCullers' prior convictions included grand larceny, reckless driving, no operator's license, and attempting to evade and elude police in 1993; unlawful possession of a firearm in 1994, trespassing in 1994; unlawful possession of alcohol and possession of cocaine in 1994; trespassing in 1997; unauthorized use of state tags in 1997; two conviction for no operator's license in 2000; contempt of court in 2000; and driving on a restricted license in 2002. McCullers received only three criminal history points for these convictions, giving him a criminal history category II. With an offense level of 41 and criminal category II, McCullers had a guideline range of 30 years to life.

4

On April 30, 2009, McCullers filed a Motion to Reconsider, Recalculate and Reduce a Sentence, which the court denied on May 6, 2009. On May 6, 2009, McCullers filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. In the appeal, McCullers challenged the Government's use of preemptory jury strikes on African-Americans, the reasonableness of the 85 year sentence, the sentencing disparity for crack cocaine, and whether he should have received consecutive sentences for 18 U.S.C. § 924(c) violations. On September and 17, 2010, the Fourth Circuit affirmed the judgment of the District Court. The United States Supreme Court denied McCullers' petition for certiorari on February 22, 2011. McCullers then appealed the district court's order denying his motion to dismiss the Indictment for Fed. R. Crim. P. 6 violations or, in the alternative, to inspect the list of names a qualified grand jurors who voted for the Indictment, and the Fourth Circuit affirmed the District Court on November 18, 2011.

On February 27, 2012, McCullers filed a pro se petition for post-conviction relief pursuant to 28 U.S.C. § 2255. In all, McCullers raised fifteen grounds for relief. Ground One alleged that his trial counsel, at the second trial, failed to present available exculpatory arguments and facts with respect to the conspiracy charge, the charges involving 50 grams or more cocaine base, and the charges involving 500 grams or more of cocaine powder. Ground Two alleged that his trial counsel, at the second trial, failed to present unspecified but exculpatory arguments and evidence with respect to Counts 4, 7, and 10, which charged him with possession of a firearm in furtherance of a drug trafficking crime. Ground Three, alleged that the United States Supreme Court's decision in <u>Abbott V. United States</u>, 131 S.Ct. 18 (2010), suggests that 18 U.S.C. § 924(c) does not call for consecutive sentences on multiple § 924(c) violations. In Ground Four, McCullers argued that he was deprived of the effective assistance of counsel on appeal

when his attorney neglected to appeal the strongest claim with respect to the drug conspiracy charges. In Ground Five, McCullers argued that the Fair Sentencing Act of 2010 should apply to his case. Ground Six alleged that his counsel was ineffective for failing to object to the court's jury instruction that expert testimony is not necessary for the jury to conclude that the substance possessed was a controlled substance. In Ground Six, McCullers asserted that his trial counsel did not communicate to him the details of a plea offer, specifically the likely sentence he would face if he accepted the offer. Ground Seven alleged that trial counsel was ineffective for failing to move for dismissal of Count 4 of the Third Superseding Indictment. Ground Eight alleged that counsel was ineffective for failing to object to the court's jury instructions for Count 1, the courts drug quantity finding, and the Court's application of enhancements. Ground Nine alleged that the court's instructions to the jury on Counts 4, 7, and 10 effected a variance on the Indictment and that, therefore, Counsel was ineffective for failing to object to the court's instructions. Ground Ten alleged that an impermissible variance occurred between the crimes charged and proved on Counts 8, 9, and 10. Ground Eleven alleged that counsel was ineffective for failing to object to the admission of all statements and testimony of his co-conspirators. Ground Twelve alleged that the United States allowed its three witnesses to give false testimony. Ground Thirteen allege that counsel was ineffective for failing to request an informant instruction for the testimony of his co-conspirators. Ground Fourteen argued that there was no evidence to support the drug convictions because no physical evidence was presented against him as required by <u>DePierre v. United States</u>, 131 S.Ct. 2225 (2011). Finally, Ground Fifteen alleged that trial counsel was ineffective for failing to request a multiple conspiracy instruction, arguing that the proof at trial did not support a conviction on the single conspiracy alleged

in the Third Superseding Indictment. ECF No.  On May 29, 2012 the district court denied the motion to vacate as to all claims except Ground Six (B). McCullers was advised that he could not appeal from the Memorandum and Order until the court had resolved Ground Six (B). ECF No. 246.

On October 31, 2012, the district court entered a Memorandum and Final Order with respect to Ground Six (B). By way of summary, in Ground Six (B), McCullers argued that his trial counsel failed to communicate to him the details of plea offer made by the United States, which amounted to ineffective assistance of counsel. In its September 4, 2012, Order, the court had determined that the competing affidavits of McCullers and trial counsel created a disputed issue of fact central to McCullers ineffective assistance of counsel claim, i.e., whether counsel communicated the details of the plea offer. The court held an evidentiary hearing to resolve this issue on October 26, 2012. As a result of the evidentiary hearing, the court found that counsel communicated to McCullers the detail of the June 16, 2008, plea offer from the United States on multiple occasions and in multiple ways. Accordingly, the Court found that McCullers had failed to make a showing that counsel's performance was deficient and entered a final order denying McCullers' motion to vacate. In addition, the court declined to issue a certificate of appealability. ECF No. 264. On January 3, 2013, McCullers appealed to the Fourth Circuit. On June 7, 2013, the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. ECF No. 276.

On November 19, 2014, McCullers filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines regarding drug trafficking offenses. ECF No. 299. The United States responded that it did not oppose McCullers' motion for modification of his sentence from

360 months to 235 months on Counts one, two, three, five, six, eight, nine, eleven, twelve and thirteen. ECF No. 304. On December 18, 2014, the motion was granted, and McCullers' sentence on those Counts was reduced to 235 months. Accordingly, his effective sentence was reduced to 895 months. On Appeal, the district court's decision was affirmed. ECF No. 314.

McCullers has filed several motions since his sentence was reduced seeking additional modification. None has been successful. The most recent motion to reduce was filed pursuant to the First Step Act. ECF No. 359. That motion was denied on May 16, 2019 [ECF No. 374], and McCullers' appeal remains pending with the Fourth Circuit. His current projected release date, via good conduct time, is June 20, 2072.

### B. McCullers' Claims

McCullers alleges that his concurrent sentences imposed for the multiple counts of violating 21 U.S.C. § 841 and 21 U.S.C. § 846 constitute cumulative punishment unauthorized by Congress which is in violation of the Double Jeopardy Clause. More specifically, it appears that McCullers argues that the § 841 counts are lesser included offenses of the conspiracy charged in Count One of the indictment, because the conspiracy charge requires every fact necessary to show a violation of § 841 as well proof of several additional elements. McCullers further alleges the district court's imposition of $100 special assessment on each of the Counts of the indictment for a total of $1500 amounts to cumulative punishments that were not authorized by Congress and should be vacated. Finally, McCullers challenges his sentences on Counts 7 and 10 under 18 U.S.C. § 924(c) because Congress has only authorized a single punishment for a person who committed an § 846 conspiracy. For relief, McCullers asks this Court to reverse and remand with instructions to vacate the sentences on the §841 counts and

enter new judgments.

### III.   LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening McCullers' case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a pro se litigant, McCullers' pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, McCullers is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

#### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, McCullers unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or

9

Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is

available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

### III. ANALYSIS

Although McCullers does not raise the savings clause, he is not entitled to its application. Because he is challenging his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, McCullers fails to meet the second prong of Wheeler. Succinctly stated, McCullers cites no case from either the United States Supreme Court or this circuit which has changed the settled law with respect to either his concurrent sentences or the special

assessments on each count, let alone law which has been held retroactive to cases on collateral review. In addition, even if McCullers could satisfy the second prong, and by extension, the third prong, he cannot satisfy the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).

In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714. However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[3] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the

---

[3] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because McCullers was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Furthermore, McCully is simply wrong in his allegation that his convictions for conspiracy and distribution violate double jeopardy. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., amend. V. The Supreme Court of the United States summarized the "three basic protections" of the Double Jeopardy Clause: "[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." Ohio v. Johnson, 467 U.S. 493, 498 (1984) (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)). Although criminal conduct may be used as relevant conduct in a case, it may also form the basis of additional charges without violating the Double Jeopardy Clause's prohibition against multiple prosecutions or punishments for the same offense. Witte v. United States, 515 U.S. 89, 398 (1995) ("[W]e specifically have rejected the claim that double jeopardy principles bar a later prosecution or punishment for criminal activity where that activity has been considered at sentencing for a separate crime."). Moreover, the Double Jeopardy Clause is not implicated when a person is prosecuted for different crimes. Conspiracy to distribute and distribution are separate and distinct offenses. Pinkerton v. United States, 328 U.S. 640,

643 (1946) ("[T]he commision of the substantive offense and a conspiracy to commit it are separate and distinct offenses.").

Likewise, to the extent that McCullers challenges his consecutive sentences for multiple Section 924(c) offenses, his argument is without merit. This issue was raised and rejected on direct appeal. The Fourth Circuit relying on Deal v. United States, 508 U.S. 129, 137 (1993) specifically rejected this issue holding, "under § 924(c), a five-year sentence, consecutive to the predicate felony is imposed for the first such conviction and a twenty-five year sentence is imposed for each subsequent conviction." The Court of Appeals noted that this was the case even when tried during a single proceeding and observed that the conduct for each of the three § 924(c) convictions took place in three separate years. U.S. v. McCullers, 395 Fed. Appx. 975 *4 (4th Cir. 2010).

Finally, to the extent that McCullers appears to allege that his $100 special asessment for each of his 15 counts of convictions is a violation of double jeopardy, the same is again without merit. McCullers was convicted of 15 felonies, and pursuant to 18 U.S.C. § 3013(a)(2)(A) was subject to a $100 special assessment on each count. Furthermore, while a special assessment is an element of a sentence, it does not increase the term of imprisonment. Accordingly, the undersigned concludes that the decision in Wheeler, which permits a petitioner to challenge his sentence in a § 2241 did not contemplate the imposition of fines, restitution or special assessments.[4]

Because McCullers cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to

---

[4] Although a prisoner can challenge the Inmate Financial Restitution Program in a § 2241 petition, McCullers is not making such a challenge, and moreover, the payment records from the district of conviction establish that McCullers satisfied the special assessment on December 10, 2009.

14

consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

McCullers shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to McCullers by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: January 7, 2020

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE