IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**BILLY R. McCULLERS, JR.,**

        Petitioner,

v.                                            **Criminal Action No. 5:18-CV-45**
                                                  **(BAILEY)**

**JOE COAKLEY,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 15]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on January 7, 2020, wherein he recommends the petition be denied and dismissed without prejudice.

## I. BACKGROUND

The petitioner is a federal inmate incarcerated at USP Hazelton in the Northern District of West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on March 22, 2018, pursuant to 28 U.S.C. § 2241, challenging the validity of his sentence. On April 29, 2009, McCullers was sentenced to a total of 1020 months' imprisonment after being found guilty of fifteen counts of the Third Superseding Indictment, as enumerated in the R&R [Doc. 15 at 2-4].[1] According to the BOP website, petitioner is scheduled to be

---

[1] Taken from McCullers's criminal docket from the Eastern District of Virginia, available on PACER. *See United States v. McCullers*, 4:07-cr-00049-RBS-JEB-1.

1

released on June 20, 2072.

In his petition, McCullers contends that his concurrent sentences for multiple counts of violating 21 U.S.C. § 841 and 21 U.S.C. § 846 are cumulative punishment in violation of the Double Jeopardy clause. [Doc. 1 at 5]. In his memorandum in support, he argues that his convictions under 21 U.S.C. § 841 for conspiracy constitute lesser included offenses. [Doc. 1-1 at 8]. For relief, he asks that this Court reverse and remand with instructions to vacate and enter new judgments. [Doc. 1 at 8].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574

2

F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. The petitioner then filed a motion to extend time to respond on January 15, 2020 [Doc. 17], and this Court granted the motion [Doc. 18]. Petitioner then timely filed his Objections to the Magistrate Judge['s] Report and Recommendations Specifically [Doc. 20] on February 18, 2020. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also **United States v. Poole**,* 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. ***In re Jones***, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

3

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333–34).

The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges. It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *See Wheeler*, 886 F.3d at 423–26.

Here, the magistrate judge found that McCullers is challenging his sentence, but he cannot meet the four-prongs of *Wheeler*. [Doc. 15 at 11]. The magistrate judge found that McCullers is unable to meet the second, third, and fourth prongs because he cites no case which changed the settled law; further, even if he could satisfy the second and third prongs of *Wheeler*, he is unable to show that due to a retroactive change in law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. [Id. at 11-12]. Further, the R&R noted that "[c]onspiracy to distribute and distribution are separate and distinct offenses." [Id. at 13], citing *Pinkerton v United States*, 328 U.S. 640, 643 (1946).

4

Because the magistrate judge found that McCullers cannot satisfy *Wheeler*, the R&R concluded that this Court lacks subject-matter jurisdiction, and recommended that the petition be denied and dismissed without prejudice. [Doc. 15 at 14-15].

On February 18, 2020, petitioner filed his objections to the R&R [Doc. 20]. There, petitioner raises seven objections. First, McCullers contends that the magistrate judge misunderstood his argument; he argues that "concurrent sentences with $100 assessments on his multiple convictions on a 15-count indictment for a total of $1,500 dollars made sentences not concurrent under *Rutledge v. United States*, 517 U.S. 292, 307 (1996)." [Doc. 20 at 2]. Petitioner's reliance on *Rutledge* is misplaced; that case found that conspiracy to distribute in violation of 21 § U.S.C. 846 was a lesser included offense for the offense of conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848. That is not relevant to this case as petitioner was not charged with violating § 848. Accordingly, this objection is overruled.

Second, McCullers objects that the magistrate judge was misinformed on the law at the time of McCullers' appeal, as "it was not established law that conspiracy could not stand as a 'predicate offense' for a § 924(c) violation." [Doc. 20 at 2]. Despite his apparent claim to the contrary, the magistrate judge correctly noted that McCullers' challenge to consecutive sentences for multiple § 924(c) offenses was raised and rejected on direct appeal. [Doc. 15 at 14]. Accordingly, this objection is overruled.

Third, McCullers contends that he is challenging both the validity of his sentence and his conviction. [Doc. 20 at 3]. Assuming, arguendo, that the petition challenges the validity of his conviction, petitioner cannot satisfy the second prong of *Jones* because

5

there has not been a change of law subsequent to his appeal and first § 2255 petition, there has not been a change of substantive law such that the conduct of which he was convicted was deemed not to be criminal. Accordingly, this objection is overruled.

Fourth, McCullers objects generally to the magistrate judge's conclusion that his convictions for conspiracy and distribution do not violate double jeopardy. [Doc. 20 at 4]. Fifth, he similarly objects to the magistrate judge's conclusion that this Court lacks subject-matter jurisdiction. [Id.]. This Court finds that these are "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," and do not require *de novo* review. ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982). The Court finds no clear error in the magistrate judge's findings on theses points, and these objections are therefore overruled.

Sixth, McCullers objects to the magistrate judge's conclusion that McCullers is not entitled to application of the savings clause; McCullers cites several cases which he contends support his argument that there has been a change in the substantive law that has been deemed to apply retroactively: ***Rutledge v. United States***, 517 U.S. 292 (1996), ***United States v. Davis***, 139 S.Ct. 2319 (2019), ***Blockburger v. United States***, 284 U.S. 299 (1932), ***North Carolina v. Pearce***, 395 U.S. 711 (1969), and ***Jeffers v. United States***, 432 U.S. 137 (1977). [Id. at 4-14]. Upon review, the cases upon which petitioner relies do not support his contention that several of his convictions violated the Double Jeopardy clause; further, as several of the cited cases preceded his original conviction, they can hardly be said to represent a change in law since his appeal and first § 2255. Accordingly, this objection is overruled.

Finally, petitioner "objects to the magistrate judge['s] recommendation." [Doc. 20 at 15]. As with McCullers' fourth and fifth objections, this is only a general and conclusory objection which does not warrant *de novo* review. This Court has reviewed the recommendation section of the R&R and finds no clear error.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 15]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections **[Doc. 20]** are **OVERRULED** and the § 2241 petition **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: March 2, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE